IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT #_____
AMOUNT $ N/A USA
SUMMONS ISSUED Y-1
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. PA
DATE 9-8-05

)
UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
V. )
) CIVIL ACTION NO.
MASSACHUSETTS BAY )
TRANSPORTATION AUTHORITY, )
)
Defendant. )
)

05 - 11827 RWZ
MAGISTRATE JUDGE Bowler

COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges:

STATEMENT OF THE CASE

1. This is a civil action brought pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, ("CERCLA"), 42 U.S.C. § 9607(a). In this action, the United States seeks to recover response costs it has incurred in conducting a removal action in connection with the Morses Pond Culvert Superfund Removal Site (the "Site"), in the Town of Wellesley, Massachusetts.

JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Pursuant to Section 113(b) of CERCLA, 42 U.S.C.

§ 9613(b), and 28 U.S.C. § 1391(b), venue is proper in this judicial district because the release or threatened release of hazardous substances that gives rise to this claim occurred in this district and because the Site is located in this district.

### DEFENDANT

4. Defendant Massachusetts Bay Transportation Authority ("MBTA") is an independent authority and a political subdivision of the Commonwealth of Massachusetts.

5. MBTA is the current owner of a portion of the Site from which there was a release or a threatened release of hazardous substances.

### THE SITE

6. The Site is located in Wellesley, Norfolk County, Massachusetts, at 42° 17' 41" north latitude and 71° 19' 08" west longitude. The Site includes a residential property at One Beacon Street, the cove at the southern end of Morses Pond, the culvert which drains from the southern end of Morses Pond, and portions of property owned by MBTA and the Town of Wellesley adjacent to the cove at the south end of Morses Pond. The Site is abutted to the north by the remainder of Morses Pond, to the south by railroad tracks and Paintshop Pond, to the east by a recreational town beach, and to the west by Bacon Street and residential properties.

7. MBTA acquired title to a portion of the Site, on or about January 17, 1973, from the Penn Central Transportation Company, through its bankruptcy proceedings.

8. In 1994 and 1998 the Massachusetts Department of Environmental Protection ("MADEP") collected and analyzed samples of soil and water from the Site. Testing revealed high levels of

chromium in the soil and water samples. Soil samples also had elevated levels of lead.

 9. MADEP sent MBTA a Notice of Responsibility, by letter dated September 30, 1994, informing MBTA of its liability and requesting that MBTA assess and/or remediate the Site.

 10. MADEP sent MBTA a second Notice of Responsibility, by letter dated June 18, 1996.

 11. In, or about, 1996, MADEP took response actions at the Site, which included the installation of a perimeter fence and "No Trespassing" signs.

 12. In, or about, 1998, MADEP undertook additional response actions at the Site, including the laying of geotextile fabric and the installation of monitoring wells.

 13. In 1999, MADEP requested that EPA investigate the Site.

 14. In 1999, EPA conducted investigations at the Site, taking both soil and sediment samples for analysis. These samples revealed elevated levels of chromium and lead in the soil and sediment at the Site.

 15. Chromium and lead are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

 16. By letter dated December 7, 1999, EPA notified MBTA that it was potentially liable for the removal or costs for the removal of hazardous substances at the Site.

 17. Pursuant to an EPA Action Memorandum signed by EPA on September 25, 2000, and a Supplemental Action Memorandum signed by EPA on August 9, 2001, EPA conducted a CERCLA removal action at the Site in 2001 - 2002, which included soil testing,

installation of a system of 24 wells and a coffer dam to drain water from the cove in Morses Pond and the culvert, removal of contaminated sediment from the cove and culvert, construction of sheet piling to retain the embankment during the removal of contaminated soils from the embankment and surrounding area, in-situ treatment of contaminated soil, installation of a cap in the embankment excavation area, backfilling of clean fill material, and planting of trees, seeding, and replacement of trees that did not survive.

GENERAL ALLEGATIONS

18. The Site is a "facility" within the meaning of Section 101(9), 42 U.S.C. § 9601(9).

19. There were "releases" of "hazardous substances" within the meaning of Sections 101(14) and (22), and 107(a) of CERCLA, 42 U.S.C. § 9601(14) and (22), and 42 U.S.C. § 9607(a), into the environment and at the Site.

20. There was a "threat of release" of "hazardous substances" within the meaning of Sections 101(14) and (22), and 107(a) of CERCLA, 42 U.S.C. § 9601(14) and (22), and 42 U.S.C. § 9607(a), into the environment and at the Site.

21. As a result of the release or threatened release of hazardous substances at the Site, the United States has incurred "response costs" as defined in Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. § 9601(25), and 9607(a), for actions taken in response to the release or threat of release at the Site.

22. As a result of such response actions, the United States has incurred response costs calculated through May 24, 2004, in the amount of at least $3,953,614.36, plus $87,127.02 in

interest, calculated from October 21, 2002 through May 20, 2004. These costs have not been reimbursed to the United States.

23. The response costs incurred by the United States in connection with the Site are not inconsistent with the National Contingency Plan, as set forth in 40 C.F.R. Part 300.

### CLAIM FOR RELIEF

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> (1) the owner and operator of a vessel or a facility,
>
> (4) , . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for -
>
> (A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan; . . . .

28. MBTA is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as the current owner/operator of a portion of the Site.

29. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the defendant is jointly and severally liable to the United States for all costs incurred and to be incurred by the United States in connection with the Site.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, respectfully prays that this Court:

1.  Enter judgment against MBTA, jointly and severally, and in favor of the United States for response costs incurred by the United States in connection with the Site, in the amount of at least $3,953,614.36 calculated through May 24, 2004, plus interest, together with appropriate costs, legal fees and expenses associated with this action; and

2.  Grant such other relief as the Court deems appropriate.

Respectfully submitted,

*Kelly A Johnson*
KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice

*[signature]*
DONALD G. FRANKEL
J. TOM BOER
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources
Division
United States Department of Justice
One Gateway Center
Suite 616
Newton Corner, MA 02458
(617) 450-0442


MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts


GEORGE B. HENDERSON, II
Assistant United States Attorney
District of Massachusetts
United States Courthouse,
Suite 9200
1 Courthouse Way
Boston, MA  02210

OF COUNSEL:

GREG DAIN, ESQ.
Senior Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street, Suite 1100
Boston, MA  02203

≈JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

05-11827 RWZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
United States

**DEFENDANTS**
Massachusetts Bay Transportation Authority

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Donald C. Frankel, 617-450-0442
U.S. Dept. of Justice
Suite 616
One Gateway Center, Newton, MA 02458

Attorneys (If Known)
Julie Taylor  617-491-9800
Noble & Wickersham LLP
1280 Massachusetts Avenue
Cambridge, MA 02138

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action by United States, under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a), to recover response costs incurred at Morses Pond Culvert Superfund Site in Wellesley, MA.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,953,614
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 9/6/05
SIGNATURE OF ATTORNEY OF RECORD  Donald C. Frankel

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __United States v. Massachusetts Bay Transportation Authority__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.     **05 - 11827 RWZ**

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐   NO ☑

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐   NO ☑

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐   NO ☑

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   _Both parties are government entities._
   _Case being filed in Eastern Division under Local_     YES ☐   NO ☐   → Rule 40.1(D)(2)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☐     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Donald G. Frankel__
ADDRESS __Dept. of Justice, Suite 616, One Gateway Center, Newton MA 02458__
TELEPHONE NO. __617 450 0442__

(AppendixC.wpd - 11/27/00)