IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| MASSACHUSETTS BAY ) | |
| TRANSPORTATION AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**05-11827RWZ**

## CONSENT DECREE

### I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Morses Pond Culvert Superfund Site in the Town of Wellesley, Massachusetts ("the Site").

B. EPA completed a removal action at the Site in 2002, addressing lead and chromium contaminated soils.

C. The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

D. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

3

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over the Settling Defendant. The Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon the Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

   a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

   b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

   c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

   d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

   e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

   f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

4

   g. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

   h. "Parties" shall mean the United States and the Settling Defendant.

   i. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ, on behalf of EPA, has paid at or in connection with the Site through the date of entry of this Consent Decree, including accrued Interest on all such costs.

   j. "Plaintiff" shall mean the United States.

   k. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq.* (also known as the Resource Conservation and Recovery Act).

   l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

   m. "Settling Defendant" shall mean Massachusetts Bay Transportation Authority (a/k/a the "MBTA").

   n. "Site" shall mean the Morses Pond Culvert Superfund Site, located in the Town of Wellesley, Norfolk County, Massachusetts, at 42° 17' 41" north latitude and 71° 19' 08" west longitude, and generally shown on the map included in Appendix A.

   o. "Superfund Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues; the rate for Fiscal Year 2005 is 2.21%. The rate of interest is subject to change on October 1 of each year.

   p. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. STATEMENT OF PURPOSE

  4. By entering into this Consent Decree, the mutual objective of the Parties is for the Settling Defendant to make a cash payment to address its alleged liability for the Site as provided in the Covenant Not to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI. PAYMENT OF PAST RESPONSE COSTS

  5. On, or before, July 30, 2005, the Settling Defendant shall: (a) establish an interest bearing escrow account ("Settlement Escrow Account"); (b) deposit $150,000, plus Superfund

5

Interest for the period between May 5, 2005 and the date of the deposit, into the Settlement Escrow Account; and, (c) provide the United States with a copy of the Settlement Escrow Account agreement. The Settlement Escrow Account agreement shall provide that the escrow trustee pay the United States, in accord with the requirements of this Decree, the funds held in the Settlement Escrow Account and all interest which has accrued on such funds, as required pursuant to this Section.

6. Within 30 days of entry of this Consent Decree, the Settling Defendant shall pay to the EPA $150,000, plus Superfund Interest as required in Paragraph 5(b), and all interest that has accumulated in the Settlement Escrow Account through the date of payment, in reimbursement of Past Response Costs.

7. Payment required by this Section shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2005V00760, the EPA Region and Site Spill ID Number 018L, and DOJ Case Number 90-11-3-07035/2. Payment shall be made in accordance with instructions provided to the Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Massachusetts following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

8. At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions).

9. The total amount to be paid pursuant to Paragraph 6 shall be deposited in the EPA Hazardous Substance Superfund.

## VII.  FAILURE TO COMPLY WITH CONSENT DECREE

10. Interest on Late Payments. If Settling Defendant fails to make any payment under Paragraph 6 by the required due date, Superfund Interest shall accrue from the required due date, as specified in Paragraph 6, on the unpaid balance through the date of payment.

11. Stipulated Penalty.

a. If any amounts due under Paragraph 6 are not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the interest required by Paragraph 10, $500.00 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the

6

check, shall reference the name and address of the party(ies) making payment, the Site name, the EPA Region and Site Spill ID Number 018L, and DOJ Case Number 90-11-3-07035/2, and shall be sent to:

> EPA Superfund
> P.O. Box 360197M
> Pittsburgh, PA 15251

    c. At the time of each payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions).

    d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified the Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

    12. If the United States brings an action to enforce this Consent Decree, the Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

    13. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

    14. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse the Settling Defendant from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

    15. <u>Covenant Not to Sue by United States</u>. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. With respect to present and future liability, this covenant not to sue shall take effect upon receipt by EPA of all payments required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to the Settling Defendant and does not extend to any other person.

7

### IX. RESERVATION OF RIGHTS BY UNITED STATES

16. The United States reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 15. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against the Settling Defendant with respect to:

    a. liability for failure of the Settling Defendant to meet a requirement of this Consent Decree;

    b. criminal liability;

    c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

    d. liability, based upon Settling Defendant's ownership or operation of the Site, or upon Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by the Settling Defendant;

    e. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs

    f. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

    g. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

### X. COVENANT NOT TO SUE BY SETTLING DEFENDANT

17. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

    a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Massachusetts Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

8

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 19 (Waiver of Claims) and Paragraph 23 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 16 (c) - (g), but only to the extent that the Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

18. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19. Settling Defendant agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that the Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against the Settling Defendant.

## XI. **EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

20. Except as provided in Paragraph 19, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 19, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

21. The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all Past Response Costs. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against the Settling Defendant coming within the scope of such reservations.

22. The Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no

9

later than 60 days prior to the initiation of such suit or claim. The Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, the Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, the Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XII. INSTITUTIONAL CONTROLS

24. If EPA determines that land/water use restrictions in the form of state or local laws, regulations, ordinances or other governmental controls are needed to implement response activities at the Site, ensure the integrity and protectiveness thereof, or ensure non-interference therewith, the Settling Defendant shall cooperate with EPA's efforts to secure such governmental controls.

25. If EPA so requests, Settling Defendant shall execute and record in the Recorder's Office, or other appropriate land records office, an easement, running with the land, that (i) grants a right of access for the purpose of conducting response activities at the Site, and (ii) grants the right to enforce any land/water use restrictions that EPA determines are necessary to implement, ensure non-interference with, or ensure the protectiveness of the removal measures performed at the Site. If EPA so requests, Settling Defendant shall grant access rights and the rights to enforce the land/water use restrictions listed in paragraph 24 to the United States, on behalf of EPA, and its representatives, the State and its representatives, and/or other appropriate grantees. If EPA so requests, the Settling Defendant shall, within 45 days of such a request, submit to EPA for review and approval with respect to the Site:

    a. a draft easement, that is enforceable under the laws of the State of Massachusetts, free and clear of all prior liens and encumbrances (except as approved by EPA), and acceptable under the Attorney General's Title Regulations promulgated pursuant to 40 U.S.C. § 255; and

    b. current title commitment or report prepared in accordance with the U.S. Department of Justice Standards for the Preparation of Title Evidence in Land Acquisitions by the United States (1970) (the "Standards").

10

Within 15 days of EPA's approval and acceptance of the easement, the Settling Defendant shall update the title search and, if it is determined that nothing has occurred since the effective date of the commitment or report to affect the title adversely, record the easement in the Recorder's Office or other appropriate office. Within 30 days of recording the easement, the Settling Defendant shall provide EPA with final title evidence acceptable under the Standards, and certified copy of the original recorded easement showing the clerk's recording stamps.

In light of the nature and extent of Settling Defendant's property interests in only a portion of the Site, any action taken or document provided by the Settling Defendant under Paragraph 24 and/or 25 shall not exceed the legal rights of Settling Defendant to take such action or provide such document.

26. Settling Defendant shall refrain from using the Site in any manner that would interfere with or adversely affect the integrity or protectiveness of the removal measures performed at the Site. This shall include any activity that would interfere with, compromise or otherwise adversely impact the protective cover constructed by EPA at the Site. Prohibited activities include drilling, excavation, and/or other changes in the topography either above the protective cover or immediately adjacent to the protective cover.

27. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XIII. ACCESS TO INFORMATION

28. The Settling Defendant shall provide to EPA, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

29. Confidential Business Information and Privileged Documents.

a. The Settling Defendant may assert business confidentiality claims covering part or all of the records submitted to the Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified the Settling Defendant that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to the Settling Defendant.

11

b. The Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendant asserts such a privilege in lieu of providing records, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

30. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

## XIV. RETENTION OF RECORDS

31. Until 6 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

32. After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

33. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

12

## XV. NOTICES AND SUBMISSIONS

34. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and the Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-07035/2)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Greg Dair, Senior Enforcement Counsel
Mail Code SEL
U.S. Environmental Protection Agency, Region I
One Congress Street
Suite 1100
Boston, MA 02114-2023

Sharon Fennelly, Enforcement Coordinator, Superfund Program
Mail Code HBR
U.S. Environmental Protection Agency, Region I
One Congress Street
Suite 1100
Boston, MA 02114-2023

As to Settling Defendant:

William A. Mitchell, Jr.
General Counsel
Massachusetts Bay Transportation Authority
Ten Park Plaza
Boston, MA 02116-3974

13

## XVI. RETENTION OF JURISDICTION

35. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVII. INTEGRATION/APPENDICES

36. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site.

## XVIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

37. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. The Settling Defendant consents to the entry of this Consent Decree without further notice.

38. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX. SIGNATORIES/SERVICE

39. Each undersigned representative of the Settling Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

40. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified the Settling Defendant in writing that it no longer supports entry of the Consent Decree.

41. The Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. The Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that the Settling Defendant

14

need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX. FINAL JUDGMENT

42. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 19th DAY OF September 2005.

_____
United States District Judge